# EXHIBIT D

Filed
13 October 25 A11:47
Dianne Wilson
County Clerk
Fort Bend County

NO. 12-CPR-024269

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| WINTER GORDON, SR., AKA | § | |
| WINTER GORDON, JR., | § | AT LAW NUMBER FOUR (4) |
| DECEASED | § | |
| | § | |
| | § | FORT BEND COUNTY, TEXAS |

## CONTESTANT'S MOTION TO CLARIFY ORDER IMPOSING SANCTIONS

## TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** West Houston Trees, Ltd., Movant herein, which files this Motion requesting the Court to clarify its Order Imposing Sanctions, and in support thereof, shows the court the following:

I.

On April 24, 2013 a hearing was held on the Motion of West Houston Trees, Ltd. for sanctions against Applicant Dianna Offord and her attorney Diogu K. Diogu II under the Texas Rules of Civil Procedure and the Texas Civil Practice and Remedies Code in the above-entitled and numbered cause. The court, after concerning the Motion, response, pleadings, evidence and the arguments of counsel, was of the opinion that the movant's motion should be granted and that good cause exists to sanction Applicant and her attorney.

II.

The Order Imposing Sanctions was signed on June 20, 2013 and required payment of the sanctions and related attorney's fees within ten (10) days from the date of the order. Notwithstanding such order, Applicant filed a Motion to Stay Imposition and Payment of Monetary Sanction Pending Final Judgment. That motion was denied by the Court.

III.

To date the required sanctions and attorney's fees have not been paid.

WHEREFORE, PREMISES CONSIDERED, Contestant now wishes the Court to clarify its Order Imposing Sanctions and requests the Court to enter the proposed Order Clarifying and Imposing Sanctions being filed contemporaneously with this Motion, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

The Holoway Jones Law Firm, PLLC

By: _____

Russell C. Jones
Texas Bar No. 10954300
407 Julie Rivers Drive
Sugar Land, TX 77478
Tel. (281) 242-8100
Fax. (281) 242-7474
Attorney for Plaintiff
West Houston Trees, Ltd.

## NOTICE OF HEARING

The above and foregoing Contestant's Motion to Clarify Order Imposing Sanctions is set for hearing on October 28, 2013 at 1:30 p.m., in the County Court at Law Number 4 of Fort Bend County, Texas.

_____

Russell C. Jones

2

## CERTIFICATE OF SERVICE

I certify that on October **23**, 2013, a true and correct copy of Contestant's Motion to Clarify Order Imposing Sanctions was served by certified mail, return receipt requested and via facsimile on Diogu K. Diogu II, LL.M. at P.O. Box 994, Fulshear, Texas 77441, and to the attorney ad litem, Steven John Gilbert, P.O. Box 366, Richmond, Texas 77406.

Russell C. Jones

3

# Fort Bend County
**ELECTRONIC FILING MANAGER**

### Court Information

| | |
|---|---|
| Clerk: | Martinez, Mary Jane |

### Attorney & Filer Information

| | |
|---|---|
| Attorney Name: | Jones, Russell C. |
| Attorney Email: | rjones@jonesattorneys.com |
| Bar Number: | 10954300 |
| Law Firm: | The Holoway Jones Law Firm, P.L.L.C. |
| Address: | 407 Julie Rivers Drive |
| City/State/Zip: | Sugar Land, TX 77478 |
| Phone Number: | 281-242-8100 |
| Fax Number: | 281-242-7474 |
| Filer Name: | Frey, Brenda |
| Filer ID: | brendafrey |
| Filer Email: | bfrey@jonesattorneys.com |
| Filer Type: | Paralegal |
| Filing Type and Fee Changes Allowed? | Yes |

### Filing Information

| | |
|---|---|
| Filing Status: | Confirmation |
| Filer Submission Date/Time | Friday, October 25, 2013 11:47 AM |
| Trace Number: | EC079J017788927 |
| Court Assignment: | County Court at Law 4 |
| Hearing Date: | |
| Court Type: | County |
| Case/Cause Number: | 12-CPR-024269 |
| Style/Case Name: | In re The Estate of Winter Gordon, Sr. aka Winter Gordon, Jr. |
| Filing Type: | ORDER AFTER PROBATE ON FILE 120 DAYS |
| Sealed Document: | No |
| Special Instructions: | Please be advised that Russell C. Jones is the attorney for Contestant. Your system Role would not let me indicate that.  We have also included a fee for |

Comments to the Filer:
Additional Comments:

### Filing Parties

| **Name** | **Roles** |
|---|---|

Frey, Brenda                                        Filer
Jones, Russell C.                                   Filing Attorney - Intervener Attorney
**Petitioner Attorneys**
**Name**                                            **Roles**
diogu II, Diogu K.                                  Plaintiff Counsel
**Intervener Attorneys**
**Name**                                            **Roles**
Jones, Russell C.                                   Filing Attorney - Intervener Attorney
**Amicus Attorneys**
**Name**                                            **Roles**
Gilbert, Steven                                     Amicus Attorney

Payment Information

**Payment Method: Credit Card - Visa, Account # ************1918, Expiration Date - 02/29/2016**

**Filing Fees**
ORDER AFTER PROBATE ON FILE
120 DAYS                                                                                    $2.00

                                                                 **Filing Fee Total: $2.00**
                                                                 **Grand Total: $2.00**

Document Information
**Number of Documents**                             2

**Filing Document**
File Name:                                          Contestants Motion to Clarify Order Imposing Sanct...
Document Description:
**Attachments**
File Name:                                          Order Clarifying Order Imposing Sanctions.pdf
Document Description:

12 – CPR – 024269
UNOR
Unsigned Order
2751905

NO. 12-CPR-024269

| | |
|---|---|
| IN THE ESTATE OF | §   IN THE COUNTY CIVIL COURT |
| | § |
| WINTER GORDON SR., AKA | § |
| WINTER GORDON JR., | §   AT LAW NUMBER FOUR (4) |
| | § |
| DECEASED | §   FORT BEND COUNTY, TEXAS |

## ORDER CLARIFYING ORDER IMPOSING SANCTIONS
## AND SUBSTITUTING FOR PRIOR ORDER

On this day came on to be heard a hearing on the motion of Contestant West Houston Trees, Ltd. to clarify the order imposing sanctions previously signed by this Court on June 20, 2013. The Court is of the opinion that such motion is meritorious and should be **GRANTED**.

**IT IS THEREFORE ORDERED** that this Order Substitutes for the Order Imposing Sanctions dated June 20, 2013.

On April 24, 2013 a hearing was held on the Motion of Contestant for Sanctions Under the Texas Rules of Civil Procedure and the Texas Civil Practice and Remedies Codes in the above-entitled and numbered cause. After considering the motion, response, pleadings, evidence and arguments of counsel, the Court is of the opinion that Contestant's Motion should be **GRANTED**, and in support thereof, the Court finds that good cause exists to sanction Applicant and her attorney.

The Court finds the following:

1.    Under Rule 13 of the Texas Rules of Civil Procedure, the court shall impose an appropriate sanction when a party signs an instrument which is either groundless and brought in bad faith or groundless and brought for the purpose of harassment. These sanctions can be imposed upon the person who signed it, a represented party, or both.

2.    Under Section 10.001 et seq. of the Texas Civil Practice and Remedies Code, the court may impose an appropriate sanction when a party signs a pleading or motion that is being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation or has a claim or other legal contention in the pleading or motion that is not warranted by existing law.

3.     Under Rule 21b of the Texas Rules of Civil Procedure, the court shall impose an appropriate sanction when a party fails to serve on or deliver to the other parties a copy of any pleading, plea, motion, or other application to the court for an order in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure. Upon a violation of Rule 21a, the court may impose an appropriate sanction available under Rule 215.2(b) of the Texas Rules of Civil Procedure.

4.     Contestant has standing to bring its motion for sanctions for the reason that Contestant is a creditor of the estate in that at least two debts are owed by the Decedent to the Contestant, which debts include the following:

    (a)     Judgment in Cause No. 03-CV-130474 dated July 18, 2006, in the 268th Judicial District Court, styled *Winter Gordon Sr. v. Nat Parker, Sylvester Parker a/k/a Seal Parker and Winter Gordon v. West Houston Trees, Ltd.* After appropriate credits, the judgment remains unpaid in an amount estimated by Contestant in excess of $115,000.00.

    (b)     Order on Attorney's Fees in the amount of $25,497.00 plus costs of $288.15 in Cause No. 09-1823, in the United States District Court for the Southern District of Texas, Houston Division, styled *Diana G. Offord, et al v. Nat Parker, et al.* The Order has become final, but no portion thereof has been paid. Contestant estimates that $29,000.00 remains owing on said Order.

5.     Applicant and her attorney are subject to sanctions under TRCP Rules 13, 21, 21a, 21b, and 215 and T.C.P.R.C. §10.001, for all of the reasons hereinafter described.

6.     In the Applicant's Application to Determine Heirship previously filed in this Court, the Applicant's attorney, Diogu Kalu Diogu II, swore under oath that "all of the allegations of the . . . Application to Determine Heirship are true in substance and in fact and that no material fact or circumstance has, within my knowledge, been omitted from the Application." Such statement was a perjurious representation to the Court of the facts. The false statements contained in the Application to Determine Heirship included, among others, the following:

2

(a)    "No administration . . . is necessary." Such statement was false at the time it was made, and the Applicant and her attorney knew that it was false. Such false statement and misrepresentation to the Court were then repeated again in the Amended Application to Determine Heirship filed herein by Applicant and her attorney on December 12, 2012. Moreover, the Applicant herself swore under oath to the truth of such false statement and misrepresentation to the Court in her verification of said pleading.

(b)    "At the time of Decedent's death, Decedent owned real property in the State of Texas . . . as follows: . . . 28.81 ac A17 and 21.303 ac A17." Such statement was false, and Applicant and her attorney knew it was false at the time the statement was made for the reason that both were well aware that said real property is owned by the Contestant. Such false statement and misrepresentation to the Court were then repeated again in the Amended Application to Determine Heirship filed herein by Applicant and her attorney on December 12, 2012. Moreover, the Applicant herself swore under oath to the truth of such false statement and misrepresentation to the Court in her verification of said pleading.

(c)    Applicant and her attorney failed to indicate the debts owed by the Decedent to the Contestant as more fully described hereinabove. The list of debts did include contingency fees payable to the Applicant's attorney in litigation related to the real property described above, indicating that the Applicant and her attorney were well aware of the false statements and omissions made therein. Such false statement and misrepresentation to the Court were then repeated again in the Amended Application to Determine Heirship filed herein by Applicant and her attorney on December 12, 2012. Moreover, the Applicant swore under oath to the truth of such false statement and misrepresentation to the Court in her Verification of said pleading.

(d)    "This Application does not omit any information required by Texas Probate Code §49." Such statement was false and the Applicant and her attorney knew that it was false at the time it was made as indicated in subparagraphs (i), (ii) and (iii) described

3

hereinabove. Such false statement and misrepresentation to the Court were then repeated again in the Amended Application to Determine Heirship filed herein by Applicant and her attorney on December 12, 2012. Moreover, the Applicant herself swore under oath to the truth of such false statement and misrepresentation to the Court in her verification of said pleading.

      (e)     "There are no debts owed by Decedent that are not secured by liens upon real estate." Such statement was false and known by the Applicant and her attorney to be false at the time such statement was made. In fact, debts are owed to the Contestant as indicated above. Such false statement and misrepresentation to the Court were then repeated again in the Amended Application to Determine Heirship filed herein by Applicant and her attorney on December 12, 2012. Moreover, the Applicant herself swore under oath to the truth of such false statement and misrepresentation to the Court in her verification of said pleading.

      7.     The two separate pleadings were groundless and brought in bad faith or groundless and brought for the purpose of harassment of the Contestant, and sanctions are therefore appropriate under Rule 13. Applicant's attorney signed said instruments for an improper purpose, specifically for the purpose of obtaining relief to which the Applicant is not entitled, and sanctions are appropriate under T.C.P.R.C. §10.001 et seq.

      8.     Applicant and her attorney have been aware of Contestant's participation in this case since July 9, 2012, when Contestant appeared at an earlier hearing in this case. Nevertheless, Applicant's attorney wholly failed and refused to comply with Rule 21a as follows:

      (a)     On or about December 12, 2012, Applicant, by and through her attorney, filed an Amended Application for Determination of Heirship, but failed to send a copy thereof to the undersigned attorney on behalf of the Contestant.

      (b)     On or about December 12, 2012, Applicant, by and through her attorney, filed an Application on Temporary Administration, but failed to send a copy thereof to the undersigned attorney on behalf of the Contestant.

4

9.      Sanctions upon the Applicant's attorney are appropriate under Rules 216 and 215.2.

10.     The hearing on the Application for Appointment of Independent Administrator was set by Applicant and her attorney for 1:30 p.m. on February 27, 2013. The hearing was cancelled early in the day, and Applicant's attorney was notified of the cancellation early in the day. Applicant's attorney knew or should have known of Contestant's interest in the case, and should have notified Contestant's attorney of the cancellation. Nevertheless, in a stark demonstration of the attorney's utter contempt and disregard of this Court's rules and his lack of respect for this Court and the judicial system of this state, Diogu Kalu Diogu II failed and refused to timely notify Contestant's attorney of such cancellation, despite the more than sufficient availability of time to do so. As a result, Contestant's attorney made an unnecessary trip to the Justice Center, where he learned about the cancellation in an accidental meeting with the Applicant's attorney a few minutes before the originally scheduled starting time of the hearing.

11.     Sanctions are appropriate under Rules 21b and 215.2(b) and Rule 13 and T.C.P.R.C. §10.001 et seq.

12.     Due to Applicant's acts described herein, Contestant incurred substantial expenses, including but not limited to attorney's fees. Under the Texas Rules of Civil Procedure, Contestant is entitled to recover reasonable expenses, including reasonable attorney's fees, incurred in obtaining an order for sanctions. Reasonable attorney's fees for the services rendered and to be rendered in this regard is at least $10,000.00.

13.     Contestant's Motion for Sanctions against Applicant and her attorney, Diogu Kalu Diogu II, should be granted for all of the reasons described above, including (1) their fraudulent and false misrepresentations made to this Court; (2) their failure to comply with the Texas Rules of Civil Procedure, including, specifically, TRCP 21a; and (3) failing to notify Contestant that a hearing set by Applicant had been cancelled. Such actions on the part of the Applicant and her attorney demonstrate the utter contempt and disregard of this Court's rules and their lack of respect for this

5

Court and the judicial system of this state. Such actions are so egregious that sanctions must be substantial.

**IT IS FURTHER ORDERED** that Applicant, Diana Offord, and her attorney, Diogu Kalu Diogu II, jointly and severally, for violating Rules 13, 21, 21a and 21b of the Texas Rules of Civil Procedure and T.C.P.R.C. 10.001 are hereby sanctioned. Said sanction will be the payment of the sum of $25,000.00 to the Contestant, West Houston Trees, Ltd.

**IT IS FURTHER ORDERED** that Applicant, Diana Offord, and her attorney, Diogu Kalu Diogu II, jointly and severally, pay $10,000.00 reasonable attorney's fees to the Contestant, West Houston Trees, Ltd.; and

**IT IS FURTHER ORDERED** that all such payments be made to Contestant in care of Contestant's attorney within ten (10) days of this order.

SIGNED AND ENTERED on _____, 2013.

_____
JUDGE PRESIDING

6

APPROVED AS TO FORM:


Russell C. Jones
Attorney for Contestant, West Houston Trees, Ltd.
The Holoway Jones Law Firm, PLLC
407 Julie Rivers Drive
Sugar Land, TX 77478
Tel: (281) 242-8100
Fax: (281) 242-7474


Diogu Kalu Diogu II
Attorney for Applicant, Diana Offord
P.O. Box 994
Fulshear, TX  77441
Houston, Texas  77054
Tel: (713) 791-3225
Fax: (281) 346-1941

7