UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
July 23, 2020
David J. Bradley, Clerk

| | | |
|---|---|---|
| Diana Gordon Offord, | § | |
|                 Plaintiff, | § | |
| *versus* | § | Civil Action H-19-2386 |
| City of Fulshear, | § | |
|                 Defendant. | § | |

## Opinion on Summary Judgment

1. *Background.*

   Diana Gordon Offord was the City Secretary for the City of Fulshear. In 2018, the city discovered that Offord had been sanctioned in court for lying under oath. The city fired her.

   Offord asserts that she was fired because of her age and race. The city fired her for lying in a probate case; Offord will recover nothing from the city.

2. *Facts.*

   The City of Fulshear hired Diana Offord as its secretary in May 2006. She worked for Fulshear for twelve years. During that time, she was supervised by mayor Tommy Kuykendall, city managers C.J. Snipes and Kenny Seymour, the city council, and the planning commission.

   Offord recites three specific instances when she was "harassed" during this period.

A.   *Envelope.*

In August 2010, Offord found an envelope in her desk drawer with cash and a check; Offord imagined that someone was trying to frame her for stealing, so she delivered it to the city manager. He never mentioned it again. Nothing shows that it was intentional or even who had left the envelope.

B.   *Obscene Photographs.*

In February 2011, Offord and several other people in the office were sent photographs by their co-worker, Cheryl Stalinsky. They are described as obscene with no specificity. Offord told the mayor about them; however, she knows of no action taken against Stalinsky, and she admits that no action was taken against her. She never reported this complaint to the Equal Employment Opportunity Commission. Even if it were a common law claim, it would have been five years too late to raise in a court.

C.   *Relocation.*

In 2014, the mayor moved Offord to a smaller office. She assumed that she was reassigned because she was black. A year after the move, she sent a written complaint to the mayor. The mayor restored her to her old office, and he explained that the city moved her because it had added twenty-five new employees, not because of her race.

The three things that Offord asserts as harassment are unrelated to her firing. In her commission charge, she only included her office relocation, even though it was three years too late to complain about it.

D.   *Firing.*

In 2018, Diogu Diogu – Offord's lawyer – demanded that Fulshear deed an easement to a company that he controlled. When Fulshear refused, Diogu filed a fraudulent deed that conveyed it. A Texas state court invalidated this deed.

As Fulshear investigated Diogu and his demands, it learned that Diogu and Offord had been sanctioned in a probate proceeding. During the probate of her father's estate, Offord misrepresented assets and debts of the estate. The sanctions referred to

another case in which Diogu and Offord were ordered by the court to pay attorneys' fees for having filed a baseless lawsuit for race discrimination.

After discovering the orders on sanctions and fees, Fulshear fired Offord for lying under oath because it had made her untrustworthy to the public and the city. The city council unanimously approved the termination.

3.  Discrimination.

   A.   Equal Employment Opportunity Commission.

In her first charge to the commission, Offord listed only two discrete acts: her termination in March 2018 and her brief office reassignment in 2014. Her relocation claim is time-barred because she reported it three years outside the 300-day limit.[1] In addition, Fulshear fully remedied her complaint by returning her to the old office. This leaves her termination as the only viable claim under her original commission charge.

   B.   Statutes.

To succeed under the statutes about race and age, Offord must show that Fulshear's stated reason for firing her was false or that she was treated differently from other, similarly-situated employees.[2] Fulshear fired her because she lied under oath. The mayor and city council carefully considered her public act of civic dishonesty and how it reflected on her ability to honestly keep the city's records. No evidence suggests that her race or her age was behind the decision. In addition, Offord cannot establish that she was disparately treated because no employee committed comparable collateral malfeasance. Fulshear had a legitimate, non-discriminatory reason for firing her and did not ignore similar dishonest employees.

Offord also asserts that Fulshear could not fire her for lying under oath because court proceedings are privileged. She is wrong. She has a fictitious notion of "absolute

---

[1]  42 U.S.C.A. §2000e-5 (2009).

[2]  *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143 (2000).

judicial proceedings immunity." While Texas law does recognize immunity from defamation claims that are based on court proceedings, the privilege does not protect Offord because her case includes no defamation.[3] Fulshear concluded that she was not trustworthy after she committed perjury and could fire her for that reason.

Offord did not show a glimmer of a prima facie case for race or age discrimination. In addition, she could not have included the other purported discrimination in her commission charge because those claims were time-barred. Even if she had included them, she would still lose because she was fired for committing perjury, showing dishonesty.

4.   *Hostile Work Environment.*

Offord's claim for hostile work environment is flawed because no facts support it. To succeed on this claim, Offord would have to show that she suffered prejudice severe enough to change her employment conditions and diminish her ability to perform her job. Two discrete acts in a commission charge for discrimination do not automatically raise a claim for hostile work environment.[4] Ordinary co-worker friction and inconveniences at work, although unpleasant, do not equate to hostility.

No evidence indicates that Offord suffered from hostility at work at all. Her three incidents do not show hostility, much less discrimination. In addition, she did not report all of her claims in her commission charge as required. Even if she had included them, they would be time-barred and empty.

5.   *Wrongful Termination.*

Fulshear has governmental immunity to tort claims. Firing a city employee is a governmental act for which the city maintains immunity. Even if Fulshear did not have immunity, Offord cannot bring a claim for wrongful termination because she was not

---

[3]   *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (Tex. 1942).

[4]   *Brooks v. Firestone Polymers, L.L.C.*, 70 F. Supp. 3d 816, 851-57 (E.D. Tex. 2014).